BARNARD *v.* JUDGE OF SUPERIOR COURT OF THE CITY
OF GRAND RAPIDS.

1. ELECTIONS — CORRUPT PRACTICES ACT — MANDAMUS — CRIMINAL
LAW.

Where a candidate for the office of sheriff of Kent county
filed a statement of his receipts and expenditures as re-
quired by section 4 of Act No. 109, Pub. Acts 1913, and

thereupon the county clerk gave him written notice to file a new and corrected statement, as provided by section 7 of the act, and said new and corrected statement was thereafter filed, a prosecution cannot be based upon the falsity and incorrectness of the first statement, as it was clearly the intent of the legislature to permit candidates, after notice of failure to comply with the law, to file the required statement and thus avoid prosecution under section 8; and the action of the lower court in quashing an information based upon the first statement is affirmed.

2. SAME — INDICTMENT AND INFORMATION — PLEADING — CRIMINAL LAW.

Where the information was based upon a violation of the law by the first statement filed, and the prosecutor stated to the court that he sought a conviction solely by reason of the filing of the first false statement, prosecution cannot be based upon the amended statement, even if, in fact, as contended by relator, it does not comply with the law; the prosecution should have been based upon said amended statement if intended to be relied upon.

Mandamus by Edward N. Barnard, prosecuting attorney of Kent county, against Willis B. Perkins, one of the judges of Kent county, acting as judge of the superior court of the city of Grand Rapids, to require the respondent to vacate an order quashing an information against Charles A. Berry for violation of the corrupt practices act. Submitted July 12, 1915. (Calendar No. 26,820.) Writ denied July 23, 1915.

*Edward N. Barnard*, Prosecuting Attorney, *in pro. per.*, and *William K. Clute*, Assistant Prosecuting Attorney, for relator.

*H. Monroe Dunham*, for respondent.

BROOKE, C. J. This is an application made by the prosecuting attorney for a writ of mandamus requiring respondent to vacate an order quashing a criminal information. The information contains five counts, and with great particularity in the several counts

187 Mich.—36.

charges one Charles A. Berry, who was a candidate for the office of sheriff of Kent county, with having violated the provisions of Act No. 109, Pub. Acts 1913, commonly called the "Corrupt Practices Act," in that on the 4th day of September, 1914, said Berry had filed with the county clerk of said Kent county an incomplete and untrue account and statement of the sums of money received and disbursed by him, and the debts and obligations of him in, of, for, and concerning his primary election expenses as candidate for the nomination for the office of sheriff in and for Kent county. Section 4 of said act requires every candidate to file a true and detailed statement of his receipts and expenditures within 10 days after any primary election. Section 7 follows:

"The several officers with whom statements are required to be filed shall inspect all statements of accounts and expenses relating to nominations and elections filed with them within ten days after the same are filed; and if upon examination of the official ballot it appears that any person has failed to file a statement as required by law, or if it appears to any such officer that the statement filed with him does not conform to law, or upon complaint in writing by a candidate or by a voter that a statement filed does not conform to law or to the truth, or that any person has failed to file a statement which he is by law required to file, said officer shall forthwith in writing notify the delinquent person to comply with this act."

Section 8 provides:

"Upon the failure of any person to file a statement within ten days after receiving such notice, or if any statement filed discloses any violation of any provision of this act, the county clerk shall forthwith notify the prosecuting attorney of the county where said violation occurred, and shall furnish him with copies of all papers relating thereto, and said prosecuting attorney shall on such complaint or the complaint of any other person, forthwith enter the same in a docket kept for that purpose in his office, and within twenty

days thereafter examine every such case, and if the evidence seems to him to be sufficient under the provisions of this act he shall, in the name of the people of the State, forthwith institute such civil or criminal proceedings as may be appropriate to the facts."

The record discloses that on or about December 4, 1914, a complaint in writing was filed with the county clerk, charging that the account filed by said Berry was false and untrue. It further shows that thereupon the county clerk, as provided by section 7, *supra*, gave written notice to said Berry to file a new and corrected statement. It further appears that said new and corrected statement was filed on or about December 8, 1914. After a jury had been impaneled, counsel for Berry made a motion to quash the information upon the ground that, Berry having filed a new and corrected statement, under section 7, he was immune from prosecution for his failure to file a correct statement in the first instance. Section 5 of respondent's return sets out the proceedings in the court below upon the consideration of the motion to quash:

"In answer to paragraph 5 of said petition, respondent admits all of the allegations therein contained, and, further answering said paragraph 5, respondent shows that the said relator, through his attorney, Mr. Clute, stated to respondent, as appears in said paragraph 5, that the information filed in said cause was heard solely upon the first expense account filed by the respondent in said cause, Charles A. Berry, and upon no other, as more fully appears in said paragraph.

"Respondent further shows that, on the same day, to wit, the 7th day of May, A. D. 1915, during the arguments of counsel, the said relator, through his attorney, Mr. Clute, as appears by the transcript of the record in said cause, stated to respondent that the relator claimed that the said respondent, Charles A. Berry, must at his peril file an accurate account of his expenses in the first instance, and that if he filed an incorrect account or untrue account in the first instance, he was guilty of a violation of this corrupt practice act, and this respondent, Willis B. Perkins, further shows

that he then and there stated to relator as follows: 'When section 7, which provides for an inspection by the county clerk of the statements or accounts of expenses so filed, and a notice of the county clerk to the candidate, if error is discovered or complaint is made with the county clerk to file a new and amended account, does not help him any, he is still amenable to the law and guilty of an offense under this corrupt practice act—that is your contention?' Whereupon the said relator answered, 'Yes, sir,' and whereupon respondent further inquired of the said relator as to what he claimed under the information in said cause by asking of relator the following questions: 'If he should file within the 10 days prescribed by the statute a correct statement of his accounts and disbursements, and that should remain on file in the county clerk's office, then your contention is that because he did not file a complete one in the first instance he can be prosecuted under this act?' Whereupon the relator answered, 'Yes, sir,' and respondent then inquired of relator as follows:

" '*The Court:* What is the purpose of the provision of the law which permits the filing of a second account to correct any omissions or errors in the first account?

" '*Mr. Clute:* That is up to the candidate.

" '*The Court:* No; it is up to the court.

" '*Mr. Clute:* I mean in regard to the correction of his account. The statute provides that within 10 days' after the primary election all of the candidates for all of the offices on the ticket shall file with the county clerk a full, true, and detailed account and statement subscribed and sworn to by him before an officer authorized to administer oaths, setting forth each and every sum of money received and disbursed by him, and also his debts and obligations during his campaign. That shall be done within 10 days.

" '*Mr. Clute:* What I have in mind is this: The offense was committed as charged in this information on the 4th of September. The fact that he filed subsequent accounts, it don't make any difference how many he files, that don't eliminate the proposition of the offense being committed on the 4th of September; that is the time that the offense was committed.

" '*The Court:* Now, just a moment. In other words,

he must, at his peril, file an accurate account in the first instance.

" '*Mr. Clute:* Yes, sir.

" '*The Court:* If he files an incorrect account or an untrue account, according to section 4, then he is guilty of a violation of this corrupt practice act.

" '*Mr. Clute:* That is what we claim, if it is untrue and incomplete.

" '*The Court:* Then section 7, which provides for an inspection by the county clerk of the statements or accounts of expenses so filed, and a notice by the county clerk to the candidate, if error is discovered or if complaint is made with the county clerk, to file a new and amended account, does not help him any; he is still amenable to the law and guilty of an offense under this corrupt practice act.    That is your contention?

" '*Mr. Clute:* Yes, sir.

" '*The Court:* If he should file, within the 10 days prescribed by the statute, a correct statement of his receipts and disbursements, and that should remain on file in the county clerk's office, then your contention is that because he did not file a complete one in the first instance, he can be prosecuted under this act?

" '*Mr. Clute:* Yes, sir.

" '*The Court:* That is your position?

" '*Mr. Clute:* That is our position, that he is under obligation to file a correct statement in the first instance.

" '*The Court:* Why, then, does the legislature provide for the filing of a subsequent and amended statement?    What is the use of that provision if a man is guilty?    He does not want to add to his guilt by filing another statement, does he?

" '*Mr. Dunham:* Or filing proof against himself.

" '*Mr. Clute:* That is a matter for him to decide.

" '*The Court:* No; it is up to the court.    If he does not file a second one section 8 provides, "Upon the failure of any person to file a statement within ten days after receiving such notice," proceedings shall then be instituted on his failure to file the second statement?

" '*Mr. Clute:* Yes.

" '*The Court:* Or if he should file a second statement and that proves to be erroneous, defective, or palpably incorrect, then the prosecutor is also to be notified and

proceedings are to be instituted, but they are to be instituted upon the second statement?

" 'Mr. Clute: No; they are instituted on the first— either one, so far as that is concerned.'

"Respondent further shows that as appears by the above and foregoing record, as stated by relator, Mr. Clute, the offense charged in this information was committed on the 4th day of September, and as relator said: 'The fact that he filed subsequent accounts, it don't make any difference how many he files, that don't eliminate the proposition of the offense being committed on the 4th of September; that is the time that the offense was committed.' And upon said statement by the said relator, respondent assumed and believed that the said relator had abandoned any other claim under said information, and that he did elect and accepted the position stated herein by relator at the time of the trial."

We are clearly of opinion that the court made a proper disposition of the matter. The position of the prosecuting attorney as disclosed by the colloquy between court and counsel shows that he sought a conviction solely by reason of the fact that Berry had, on September 4th, filed a false statement. An examination of the information itself, aside from the admission of counsel for the people, is conclusive upon this point. It is urged by relator, and was urged in the court below, that the information sets up the receipt and expenditure by Berry of various sums not contained in either the first or second account. As the second account is not in the record, we are unable to verify this claim. It is, however, of no importance, for the prosecution is based, not upon the fact that Berry filed an incorrect and false statement on December 8th, but that he had filed such a statement on September 4th.

A careful reading of sections 7 and 8, quoted above, convinces us that it was the legislative intent to permit candidates, after notice of their failure to comply with the law, to file the required statement and thus avoid prosecution under section 8.

The prosecution should have been based upon the amended account filed, in accordance with the statute, on December 8th, if, in fact, as is contended by the relator, it is not in compliance with the terms of the act.

The writ is denied.

KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.